# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JPMORGAN CHASE BANK, N.A.,

    Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendant(s).

Case No. 2:17-cv-00326-JCM-NJK

ORDER

(Docket No. 65)

On July 26, 2017, discovery commenced in this case. *See* Docket No. 30 at 1; *see also* Fed. R. Civ. P. 26(d)(1). On November 14, 2017, the parties filed a stipulation to stay discovery. Docket No. 61. Given the late stage of the litigation, the Court denied that stipulation as it did not advance the goals of Rule 1 in this case to stay discovery during the twilight of the discovery period. Docket No. 62. On November 20, 2017, the parties filed a stipulation that, "if the Court declines to stay discovery" as requested, then a 60-day extension to the discovery cutoff was appropriate so that the parties could complete the discovery remaining. Docket No. 63. On November 21, 2017, the Court granted that stipulated extension. Docket No. 64.

Pending before the Court is a renewed stipulation to stay discovery, filed on December 11, 2017. Docket No. 65. This stipulation fails to provide adequate grounds for the relief sought. As a starting point, the parties represented to the Court a few weeks ago that they had been "diligently engaged in

discovery to date." Docket No. 64 at 4.[1] The parties identified the discovery outstanding as responses to already-served written discovery requests and scheduling depositions. *Id.* at 3. In the pending stipulation, however, Defendant Antelope identifies voluminous discovery that remains, including propounding written discovery. Docket No. 65 at 3. The pending stipulation makes no attempt to square the laundry list of discovery remaining as now identified with the prior representation that the discovery period had been used diligently, and that a limited extension would be sufficient to complete the more limited discovery identified.[2]

The larger problem with the stipulation to stay discovery is that, like the previous stipulation to stay discovery, it fails to explain persuasively why it is appropriate at this late stage of the discovery process to stay discovery. Discovery has been on-going for five months and, even with the extension recently obtained, discovery closes in less than two months. *See* Docket No. 64 at 4. It is not efficient to stay discovery at this late juncture when discovery should be winding down, and the goals in Rule 1 are not served by a stay. *See, e.g.*, *Bank of N.Y. Mellon v. Pomeroy*, 2017 U.S. Dist. Lexis 179903, at *1 (D. Nev. Oct. 31, 2017).

Accordingly, the stipulation to stay discovery is **DENIED**.

IT IS SO ORDERED.

DATED: December 12, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Of course, even if a party believes it has sufficient grounds to stay discovery and even if such a motion is filed, that party is not entitled to avoid its discovery obligations on that basis absent an order from the Court staying discovery. *See Apple v. Eastman Kodak Co.*, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011) (quoting *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989)); *see also First American Title Ins. Co. v. Commerce Assocs.*, 2016 WL 951175, at *3 (D. Nev. Mar. 8, 2016). As no such order has been entered in this case, the parties should have been diligently conducting discovery throughout the discovery period.

[2] The Court specifically ordered that any renewed request to stay discovery must "identify with particularity the discovery conducted to date," Docket No. 62 at 1, which the pending stipulation fails to do.