UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | Case No. 2:17-CV-326 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Antelope Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 35). Defendant SFR Investments Pool 1, LLC ("SFR") (ECF No. 40) and plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") (ECF No. 44) filed responses, to which the HOA replied (ECF No. 60).

Also before the court is SFR's motion to dismiss. (ECF No. 41). JPMorgan filed a response (ECF No. 45), to which SFR replied (ECF No. 46).

**I.    Facts**

This case involves a dispute over real property located at 7828 Drydust Ct., Las Vegas, Nevada (the "property"). On July 14, 2008, a deed of trust securing a loan made to Horatio and Elizabeth Rocha (the "borrowers") in the amount of $218,529.00 was recorded. (ECF No. 1).

JPMorgan alleges that it is the beneficiary to the deed of trust. (ECF No. 1). JPMorgan further alleges that the HOA, through its agents, has recorded several notices against the property: a notice of delinquent assessment lien; a notice of breach and election to sell, and a notice of sale. (ECF No. 1 at 3). JPMorgan alleges that the HOA did not provide JPMorgan with proper notice of these recordings and that the recordings did not specify the superpriority amount owed. (ECF No. 1 at 3).

**James C. Mahan**
**U.S. District Judge**

On November 19, 2013, the HOA conducted a foreclosure sale, during which SFR purchased the property for $19,000.00. (ECF No. 1).

On February 2, 2017, JPMorgan filed the underlying complaint, alleging three causes of action: (1) declaratory judgment against SFR; (2) quiet title against SFR; and (3) unjust enrichment against SFR. (ECF No. 1).

On June 12, 2017, SFR filed a counterclaim against JPMorgan for quiet title and injunctive relief and a crossclaim against Horation and Elizabeth Rocha for the same. (ECF No. 16).

In the instant motion, the HOA moves to dismiss JPMorgan's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 35). In SFR's motion to dismiss, SFR argues that the HOA is a necessary party and moves to dismiss pursuant to Rule 12(b)(7) if the HOA is dismissed. (ECF No. 41).

**II. Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. The HOA's Motion to Dismiss (ECF No. 35)

In its motion, the HOA argues that JPMorgan's complaint fails to assert any claims against the HOA. (ECF No. 35). The HOA thus maintains that it should be dismissed from the action. *Id.* JPMorgan's complaint alleges three claims, all of which are "against the [p]urchaser" (*i.e.*, SFR). (*See* ECF No. 1).

Further, the HOA contends that even had JPMorgan asserted a claim against the HOA, it has no interest in the litigation and is not a necessary party under Federal Rule of Civil Procedure 19. (ECF No. 35). In response, JPMorgan argues that the HOA is a necessary party under Federal Rule of Civil Procedure 19(a)(1)(A). (ECF No. 44). The court agrees.

Under rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving

James C. Mahan
U.S. District Judge

- 3 -

the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

This court has previously held that dismissal is appropriate when the holder of the prior deed of trust seeks a declaration that the deed of trust survived foreclosure sale. *See, e.g.*, *Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-CV-1875-JCM-GWF, 2015 WL 2019067, at *1 (D. Nev. May 1, 2015). In contrast, this court has also held that dismissal is inappropriate in these circumstances when the holder of the prior deed of trust challenges the validity of the foreclosure sale. *See, e.g.*, *Nationstar Mortg., LLC v. Berezovsky*, No. 2:15-CV-909-JCM-CWH, 2016 WL 1064477, at *3–4 (D. Nev. Mar. 2016). Therefore, the nature of the remedy sought dictates the necessary parties.

In addition, this court has reasoned that parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case. *See Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-CV-1683-JCM-CWH, 2017 WL 843177, at *6 (D. Nev. Mar. 1, 2017); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (considering the desire to avoid redundant litigation and specifying rule 19(a)(1)'s focus on allowing "meaningful relief"). Therefore, the HOA is, at this point in the present litigation, a necessary party and will not be dismissed.

**B. SFR's Motion to Dismiss** (ECF No. 41)

SFR argues that if the court dismisses the HOA from the action, then dismissal is proper under Rule 12(b)(7) because the HOA is a necessary party. (ECF No. 41).

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a

substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Here, the HOA is a necessary party to this action based on the current allegations and relief sought. If the foreclosure sale is invalidated or set aside, the HOA's superpriority lien might be reinstated as an encumbrance against the property. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. In particular, if JPMorgan "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id*. Thus, if the HOA is not a party, JPMorgan, as well as SFR, would not be able to secure the complete relief sought. *See id.*; *see also* Fed. R. Civ. P. 19(a). As stated above, the HOA will remain a party to this litigation. Accordingly, SFR's motion to dismiss on 12(b)(7) grounds will be denied.

Based on the aforementioned, the HOA's (ECF No. 35) and SFR's (ECF No. 41) motions to dismiss will be denied.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 35) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion to dismiss (ECF No. 41) be, and the same hereby is, DENIED.

DATED March 15, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -