UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Case No. 2:17-cv-00326-JCM-NJK |
| Plaintiff, | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |

Presently before the court is cross-claimant SFR Investments Pool 1, LLC's ("SFR") motion for default judgment. (ECF No. 78).

On February 2, 2017, plaintiff J.P. Morgan Chase Bank, N.A. ("Chase") initiated this quiet title action against defendants SFR, Antelope Homeowners' Association, Elizabeth Rocha, and Horatio Rocha. (ECF No. 1). On June 12, 2017, SFR filed and answer, counterclaim, and crossclaim asserting a quiet title cross claim against Elizabeth and Horatio Rocha (the "Rochas"). (ECF No. 16).

On December 14, 2018, the court granted a stipulation dismissing with prejudice all respective claims against Chase and SFR. (ECF No. 76). The only remaining causes of action in this case are SFR's claims against the Rochas. *Id.* To date, the Rochas have not appeared in this litigation and clerk has already entered default. (ECF Nos. 54, 59).

Now, SFR moves for default judgment against the Rochas. (ECF No. 78). SFR requests that the court declare that the Rochas, their successors, and assigns have no right, title, or interest in the property. *Id.*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

The court finds good cause to grant SFR's motion for default judgment. SFR has complied with Rule 55(a) by obtaining clerk's entry of default against the Rochas. (ECF Nos. 54, 59). Moreover, the Rochas have had ample opportunity to participate in this litigation but, nevertheless, have not appeared.

As for the *Eitel* factors, SFR will be prejudiced if default judgment is not entered as SFR will be left without any legal remedy to establish its superior claim to title. *See Eitel*, 782 F.2d at 1471–72. The court also notes that SFR's pleading sufficiently alleges a claim for quiet title and the record does not indicate that the Rochas' default was due to excusable neglect. *See id*. Lastly, the public policy in favor of decision on the merits cannot prevent default judgment because the Rochas' absence has made any dispute of material facts all but impossible. *See id*.

In light of the foregoing, the court will enter default judgment and declare that the Rochas have no interest in the property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that SFR's motion for default judgment (ECF No. 78) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that SFR shall prepare and submit to the court a proposed judgment consistent with the foregoing within fourteen (14) days from the date of this order.

DATED THIS 8th day of April 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE